IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOHN S. FISHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:09-CV-567-HEH |
| ) | |
| DELTA AIRLINES, and ) | |
| JANE DOE ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION
(Denying Defendants' Motion to Dismiss)

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I.

Plaintiff John S. Fischer ("Fischer") was a passenger on Delta Flight 844, seated in an aisle seat. Fisher alleges that Defendant Jane Doe, an employee of Defendant Delta Airlines, pushed a beverage cart into Fisher's knee. As a result of the beverage cart collision, Fisher claims damages for his physical injuries, inability to transact business, physical and mental suffering, and medical expenses, both past and future. Fisher requests $1,000,000 in damages.

The immediate motion by Delta Airlines requests dismissal of the suit for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.

Rule 8 of the Federal Rules of Civil Procedure provides that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Traditionally, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; . . . it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), amplified the standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 555. Thus, a complaint containing facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Rather, a complaint achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III.

Under Virginia law, the essential elements of a negligence claim are: "(1) the identification of a legal duty of the defendant to the plaintiff; (2) a breach of that duty;

and (3) injury to the plaintiff proximately caused by the breach."[1] *Talley v. Danek Medical, Inc.*, 179 F.3d 154, 157 (4th Cir. 1999) (citing *Locke v. Johns-Manville Corp.*, 221 Va. 951, 275 S.E.2d 900, 904 (1981)). Plaintiff's allegations are very simple. Fisher alleges that he was a passenger on an aircraft operated by Delta Airlines, a common carrier. He alleges that Defendant Jane Doe, an employee of Delta Airlines, pushed a beverage cart into his knee. He alleges that he suffered injuries that were a result of this collision. The Court finds that the Plaintiff has alleged facts that state the necessary elements of a plausible claim of negligence.

Defendant's Motion to Dismiss for failure to state a claim is dismissed. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Oct. 5, 2009
Richmond, VA

---

[1] As the alleged injury took place in-flight and parties have not presented evidence regarding the applicable law to govern this action, the Court reserves judgment regarding the appropriate law to apply in this case. For purposes of this motion, the elements of Virginia's common law negligence are in line with the universally-applied elements of negligence to apply to consideration of this motion. *See* 57A Am. Jur. 2d *Negligence* § 71 (2009).